FILED
2006 Apr-27  PM 12:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| JAMES BOYKIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 7:01-cv-02305-JHH-JEO |
| | ) | |
| ELISHA PETTWAY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

James Boykin, hereinafter referred to as the plaintiff, has filed a *pro se* complaint

pursuant to 42 U.S.C. § 1983, alleging that rights, privileges, or immunities afforded him under

the Constitution or laws of the United States were abridged while he was incarcerated at Bibb

County Correctional Facility in Brent, Alabama.  He seeks monetary relief.  In accordance with

the usual practices of this court, the defendant was required to file a "Special Report" addressing

the plaintiff's claim.  Upon consideration of the same, the court finds that summary judgment is

due to be granted the defendant.

The plaintiff was incarcerated at the Bibb County Correctional Facility on August 19,

2001.  At approximately 8:55 a.m., Officer Elisha Pettway told the plaintiff to report to the shift

office.  The plaintiff failed to comply with the request, informing the defendant that he was not

going to go.  When he turned to go away, the defendant grabbed the plaintiff to stop him.  The

plaintiff responded by struggling with Pettway.  During the scuffle, they fell across a bench in

front of one of the dorm units at the prison.  The plaintiff was handcuffed and taken to the shift

office with the assistance of additional officers.  "Body charts" were prepared by prison officials

for both individuals.  The plaintiff sustained no injuries.  He was issued a disciplinary concerning

the incident.  He has since been released from the institution.

Premised on the plaintiff's allegations, the court entered an Order for Special Report (doc. 7), directing that copies of the complaint in this action be forwarded to the defendant and requesting that he file a special report addressing the factual allegations of the plaintiff's complaint.  The defendant was advised that the special report could be submitted under oath or accompanied by affidavits and, if appropriate, would be considered as a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure.  By the same Order, the plaintiff was advised that after he received a copy of the special report submitted by the defendant he should file counter affidavits if he wished to rebut the matters presented by defendant in the special report.  The plaintiff was further advised that such affidavits should be filed within twenty days after receiving a copy of defendant's special report.

The defendant filed a special report (doc. 12), accompanied by the affidavit of the defendant and pertinent documents from the Alabama Department of Corrections.  The plaintiff was notified that he would have twenty days to respond to the motion for summary judgment by filing affidavits or other material if he chose.  The plaintiff was advised of the consequences of any default or failure to comply with FED. R. CIV. P. 56.  *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985).  (Doc. 13).  The plaintiff did not file a response addressing the merits of the claims.

On March 2, 2006, the court entered another order affording the plaintiff another opportunity to respond.  The court further informed him that this action would be dismissed if he failed to respond.  He has not filed a response within the allotted time.

## SUMMARY JUDGMENT STANDARD

In considering a motion for summary judgment, the court must determine whether the moving party is entitled to judgment as a matter of law.  Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law.  *See Clark v. Coats & Clark, Inc*., 929 F.2d 604 (11th Cir. 1991).  Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989).  Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990), *cert. denied*, 498 U.S. 1103 (1991).  As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails
> to establish a prima facie case.  "In such a situation, there can be
> 'no genuine issue as to any material fact,' since a complete failure
> of proof concerning an essential element of the non-moving party's
> case necessarily renders all other facts immaterial."  Thus, under

> such circumstances, the public official is entitled to judgment as a
> matter of law, because the plaintiff has failed to carry the burden of
> proof.  This rule facilitates the dismissal of factually unsupported
> claims prior to trial.

*Bennett v. Parker*, 898 F.2d at 1532 (citation omitted).  However, any "specific facts" pled in a

*pro se* plaintiff's sworn complaint must be considered in opposition to summary judgment.  *See*

*Perry v. Thompson*, 786 F.2d 1093 (11th Cir. 1986).

## DISCUSSION

## Eighth Amendment

Defendant Pettway asserts that the plaintiff's claim is due to be dismissed because he has

failed to demonstrate the requisite physical injury.  (Doc. 12 at p. 5).  Eighth Amendment

excessive force claims are analyzed under the standards set forth by the Supreme Court in

*Whitley v. Albers*, 475 U.S. 312, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986), and *Hudson v.*

*McMillan*, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).  *Campbell v. Sikes,* 169 F.3d

1353, 1374 (11th Cir. 1999).  In *Hudson*, the Court held that in assessing an inmate's excessive

force claim, "the core judicial inquiry is that set out in *Whitley*: whether force was applied in a

good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

*Hudson*, 503 U.S. at 6-7.  In extending *Whitley* to all cases involving allegations of the use of

force by prison officials, the Supreme Court reasoned:

> Many of the concerns underlying our holding in *Whitley* arise whenever guards
> use force to keep order.  Whether the prison disturbance is a riot or a lesser
> disruption, corrections officers must balance the need "to maintain or restore
> discipline" through force against the risk of injury to inmates.  Both situations
> may require prison officials to act quickly and decisively.  Likewise, both
> implicate the principle that "'[p]rison administrators . . . should be accorded
> wide-ranging deference in the adoption and execution of policies and practices
> that in their judgment are needed to preserve internal order and discipline and to

maintain institutional security.'"

*Hudson*, 503 U.S. at 6 (citations omitted).  With these concerns in mind, the Court set out certain

factors that should be considered in evaluating whether the force used was excessive.  These

factors include: 1) "the need for application of force"; 2) "the relationship between that need and

the amount of force used"; 3) "the threat 'reasonably perceived by the responsible officials'";

4) "any efforts made to temper the severity of a forceful response"; and 5) "the extent of the

injury suffered by the inmate."  *Id*. at 7.  *See also H.C. v. Jarrard*, 786 F.2d 1080, 1085 (11th Cir.

1986).

        In applying the foregoing factors to the facts of a particular case, the Supreme Court has

instructed,

> . . . not . . . every malevolent touch by a prison guard gives rise to a federal cause
> of action.  *See Johnson v. Glick*, 481 F.2d, at 1033 ("Not every push or shove,
> even if it may later seem unnecessary in the peace of a judge's chambers, violates
> a prisoner's constitutional rights").  The Eighth Amendment's prohibition of
> "cruel and unusual" punishments necessarily excludes from constitutional
> recognition *de minimis* uses of physical force, provided that the use of force is not
> of a sort "'repugnant to the conscience of mankind.'"  *Whitley*, 475 U.S., at 327,
> 106 S. Ct., at 1088 (quoting *Estelle*, *supra*, 429 U.S., at 106, 97 S. Ct., at 292)
> (internal quotation marks omitted).

*Hudson*, 503 U.S. at 9.

        Additionally, 42 U.S.C. § 1997e(e), enacted as part of the Prison Litigation Reform Act,

provides that "No Federal civil action may be brought by a prisoner confined in a jail, prison,

or other correctional facility for mental or emotional injury suffered while in custody

without a prior showing of physical injury."  The courts have read 1997e(e) to require a

less-than-significant-but-more-than-de minimis physical injury as a predicate in such claims.

*See Mitchell v. Horn*, 318 F.3d 523, 33-36 (3d Cir. 2003); *Siglar v. Hightower*, 112 F.3d 191,

193-94 (5th Cir. 1997).

Construing the plaintiff's allegations in a light most favorable to the plaintiff shows that there was an altercation.  However, there is no evidence that he sustained the requisite injury to warrant relief.  Accordingly, the defendant's motion for summary judgment is due to be granted as a matter of law at this juncture.

## CONCLUSION

Premised on the foregoing, the defendant's Special Report is due to be considered as a motion for summary judgment.  It is further due to be granted.  An appropriate order will be entered.

The Clerk is **DIRECTED** to serve a copy of this memorandum opinion upon the plaintiff and counsel for the defendant.

**DONE** this the ___27th___ day of April, 2006.


_____
SENIOR UNITED STATES DISTRICT JUDGE